**FILED**
CLERK, U.S. DISTRICT COURT

4/29/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___jb___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BENJAMIN JONG REN HUNG,<br><br>　　　　Defendant. | CR No. 20-452(A)-SVW<br><br>**F I R S T**<br>**S U P E R S E D I N G**<br>**I N F O R M A T I O N**<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(3): Transporting and Receiving Firearms Across State Lines; 18 U.S.C. § 922(a)(6): False Statements During Purchase of Firearms; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Acting United States Attorney charges:

INTRODUCTORY ALLEGATIONS

　　At times relevant to this First Superseding Information:

　　1.　Defendant BENJAMIN JONG REN HUNG resided in San Marino, within the Central District of California, and Lodi, within the Eastern District of California.  Defendant HUNG and defendant HUNG's associate ("Co-Conspirator #1") did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to

import, manufacture, or deal in firearms, within the meaning of Chapter 44, Title 18, United States Code.

2. The ATF required all federally-licensed firearms dealers to document firearms sales and purchases on an ATF Form 4473 Firearms Transaction Record ("Form 4473"), a form that was completed by the federal firearms licensee dealer and the firearm purchaser. The documentation process included the following requirements:

3. At the time the purchaser submitted an application to purchase a firearm, the purchaser was required to certify on ATF Form 4473 that he or she was the "actual buyer" of the firearm. ATF Form 4473 advised that: "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person."

4. These Introductory Allegations are incorporated into each count of this First Superseding Information.

COUNT ONE

[18 U.S.C. § 371]

A. <u>OBJECTS OF THE CONSPIRACY</u>

1. Beginning on a date unknown but not later than July 23, 2014 and continuing until a date unknown but not earlier than on or about August 20, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant BENJAMIN JONG REN HUNG conspired with Co-Conspirator #1 and others known and unknown to the Acting United States Attorney to commit offenses against the United States, namely: (1) to willfully transfer into and receive in the state of residence firearms purchased outside that state, in violation of Title 18, United States Code, Section 922(a)(3); and (2) to knowingly make false statements in the acquisition of firearms, in violation of Title 18, United States Code, Section 922(a)(6).

B. <u>THE MANNER AND MEANS OF THE CONSPIRACY</u>

2. The objects of the conspiracy were to be accomplished, in substance, as follows:

   a. Defendant HUNG would direct Co-Conspirator #1 to obtain firearms for defendant HUNG from firearms dealers in Oregon.

   b. Co-Conspirator #1 would obtain firearms from firearms dealers in Oregon and falsely claim that Co-Conspirator #1 was the actual buyer of the firearms, rather than defendant HUNG who was, in fact, the actual buyer.

   c. Co-Conspirator #1 and others known and unknown to the Acting United States Attorney would transport the firearms from Oregon to California to deliver or cause to be delivered the firearms to defendant HUNG.

3

C.  OVERT ACTS

3.  On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendant HUNG, Co-Conspirator #1, and others known and unknown to the Acting United States Attorney, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On July 23, 2014, defendant HUNG gave Co-Conspirator #1 cash to purchase a firearm for defendant HUNG from a retail firearms store in Tillamook, Oregon ("Firearm Retailer #1").

Overt Act No. 2:  On July 23, 2014, Co-Conspirator #1 bought a Walther P-99 9 mm semiautomatic handgun, bearing serial number FAH5890 (the "P-99") from Firearm Retailer #1.

Overt Act No. 3:  On July 23, 2014, Co-Conspirator #1 executed and submitted to Firearm Retailer #1 a Form 4473, which falsely stated that he was the actual buyer of the P-99 when, in fact, as Co-Conspirator #1 then knew, the P-99 was purchased for defendant HUNG.

Overt Act No. 4:  On July 23, 2014, defendant HUNG took possession of the P-99 from Co-Conspirator #1.

Overt Act No. 5:  On or before December 26, 2017, defendant HUNG gave Co-Conspirator #1 cash to purchase additional firearms for defendant HUNG from Firearm Retailer #1.

Overt Act No. 6:  On December 26, 2017, Co-Conspirator #1 bought a Glock 26, 9 mm semiautomatic handgun, bearing serial number BBMM205 (the "Glock 26") from Firearm Retailer #1.

Overt Act No. 7:  On December 26, 2017, Co-Conspirator #1 bought a Glock 43, 9 mm semiautomatic handgun, bearing serial number BCFU215 (the "Glock 43") from Firearm Retailer #1.

      Overt Act No. 8:   On December 26, 2017, Co-Conspirator #1 executed and submitted to Firearm Retailer #1 a Form 4473 Firearms Transaction Record, which falsely stated that he was the actual buyer of the Glock 26 when, in fact, as Co-Conspirator #1 then knew, the Glock 26 was purchased for defendant HUNG.

      Overt Act No. 9:   On December 26, 2017, Co-Conspirator #1 executed and submitted to Firearm Retailer #1 a Form 4473, which falsely stated that he was the actual buyer of the Glock 43 when, in fact, as Co-Conspirator #1 then knew, the Glock 43 was purchased for defendant HUNG.

      Overt Act No. 10:   On or before January 3, 2018, Co-Conspirator #1 transported the Glock 26 from Oregon to defendant's residence in Lodi, California.

      Overt Act No. 11:   On August 20, 2018, defendant HUNG gave Co-Conspirator #1 cash to purchase a firearm for defendant HUNG from a retail firearms store in Bend, Oregon ("Firearm Retailer #2").

      Overt Act No. 12:   On August 20, 2018, Co-Conspirator #1 bought a Glock 19X, 9 mm semiautomatic handgun, bearing serial number BHTX298 (the "Glock 19X") from Firearm Retailer #2.

      Overt Act No. 13:   On August 20, 2018, Co-Conspirator #1 executed and submitted to Firearm Retailer #2 a Form 4473, which falsely stated that he was the actual buyer of the Glock 19X when, in fact, as Co-Conspirator #1 then knew, the Glock 19X was purchased for defendant HUNG.

COUNT TWO

[18 U.S.C. § 922(a)(3)]

On or about January 4, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant BENJAMIN JONG REN HUNG, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully received in the State of California, where he then resided, a Glock 26 9 mm semiautomatic handgun, bearing serial number BBMM205 (the "Glock 26") and a Glock 43 9 mm semiautomatic handgun, bearing serial number BCFU215 (the "Glock 43"), which firearms defendant HUNG and Co-Conspirator #1 obtained outside the State of California, namely, by: (1) defendant HUNG directing Co-Conspirator #1 to purchase the Glock 26 and Glock 43 from a firearms store in Tillamook, Oregon and deliver them to defendant HUNG in Lodi and/or San Marino, California; and (2) defendant HUNG ultimately receiving the Glock 26 and Glock 43 in San Marino, California.

COUNTS THREE THROUGH SEVEN

[18 U.S.C. § 922(a)(6)]

On or about the following dates, in the District of Oregon, defendant BENJAMIN JONG REN HUNG, in connection with the acquisition of the following firearms from licensed dealers, knowingly made false and fictitious written statements, intended and likely to deceive such dealers with respect to a fact material to the lawfulness of the sale of such firearms under Title 18, United States Code, Chapter 44, in that defendant HUNG falsely stated on Form 4473 that defendant HUNG was a resident of the State of Washington, when, in fact, as defendant HUNG then knew, he resided in California:

| COUNT | DATE | FIREARM |
| --- | --- | --- |
| THREE | 3/18/2020 | Mossberg Model 464 rifle, bearing serial number LA068565 |
| FOUR | 3/22/2020 | Bergara Model B-14 rifle, bearing serial number 61-06-214565-18 |
| FIVE | 3/22/2020 | Winchester XPR rifle, bearing serial number 357ZR05273 |
| SIX | 3/29/2020 | Mossberg Model 500 shotgun, bearing serial number V1122060 |
| SEVEN | 3/29/2020 | Browning Model BL22 rifle, bearing serial number 02470ZN242 |

COUNT EIGHT

[18 U.S.C. § 922(a)(3)]

On or about March 30, 2020, in San Joaquin County, within the Eastern District of California, and elsewhere, defendant BENJAMIN JONG REN HUNG, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully transported into the State of California, where he then resided, a Mossberg Model 464 Rifle, bearing serial number LA068565 (the "Mossberg 464"), a Bergara Model B-14 rifle, bearing serial number 61-06-214565-18 ("Bergara B-14"), a Winchester XPR rifle, bearing serial number 357ZR05273 ("Winchester XPR"), a Mossberg Model 500 shotgun, bearing serial number V1122060 ("Mossberg 500"), and a Browning Model BL22 rifle, bearing serial number 02470ZN242 ("Browning BL22"), which firearms defendant HUNG obtained outside the State of California, namely, by: (1) defendant HUNG purchasing the Mossberg 464 on March 18, 2020 from a sporting goods store in Tillamook, Oregon, and purchasing the Bergara B-14 and Winchester XPR on March 22, 2020, from a sporting goods store in Bend, Oregon; (2) defendant HUNG purchasing the Mossberg 500 and the Browning BL22 on March 29, 2020, from a sporting goods store in Bend, Oregon; and (3) defendant HUNG transporting the Mossberg 464, the Bergara B-14, the Winchester XPR, the Mossberg 500, and the Browning BL22 to his residence in Lodi, California on or about March 30, 2020.

COUNTS NINE THROUGH ELEVEN

[26 U.S.C. § 5861(d)]

On or about September 23, 2020, in San Joaquin County, within the Eastern District of California, defendant BENJAMIN JONG REN HUNG knowingly possessed the following firearms, each of which defendant HUNG knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and each of which had not been registered to defendant HUNG in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code:

| COUNT | FIREARM |
|---|---|
| NINE | A Colt model M4 carbine semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 8.75 inches in length, bearing serial number LE322225 |
| TEN | A Colt model M4 carbine semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 11.5 inches in length, bearing serial number LE423543 |
| ELEVEN | A Stag Arms model STAG-15 semiautomatic rifle, with a barrel less than 16 inches in length, namely, approximately 9.375 inches in length, bearing serial number 197481 |

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eleven of this First Superseding Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    a. All right, title, and interest in any firearm or ammunition involved in or used in any such offense, specifically, the following firearms:

        i. a Glock 26, 9 mm semiautomatic handgun, bearing serial number BBMM205;

        ii. a Walther P-99 9 mm semiautomatic handgun, bearing serial number FAH5890;

        iii. a Glock 43, 9 mm semiautomatic handgun, bearing serial number BCFU215;

        iv. a Glock 19X, 9 mm semiautomatic handgun, bearing serial number BHTX298;

        v. a Mossberg Model 464 Rifle, bearing serial number LA068565;

        vi. a Bergara Model B-14 Rifle, bearing serial number 61-06-214565-18;

        vii. a Winchester XPR Rifle, bearing serial number 357ZR05273;

    viii. a Mossberg Model 500 Shotgun, bearing serial number V1122060;

    ix. a Browning Model BL22 rifle, bearing serial number 02470ZN242;

    x. a Colt Model m4 carbine semiautomatic rifle, bearing serial number LE322225;

    xi. a Colt Model m4 carbine semiautomatic rifle, bearing serial number LE423543; and

    xii. a Stag Arms model STAG-15 semiautomatic rifle, bearing serial number 197481.

  b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

 3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

//

//

transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and
Civil Rights Section

ANNAMARTINE SALICK
Assistant United States Attorney
Chief, Terrorism and Export
Crimes Section

FRANCES S. LEWIS
Assistant United States Attorney
Public Corruption and Civil
Rights Section

DAVID T. RYAN
Assistant United States Attorney
Terrorism and Export Crimes
Section